Cite as 2020 Ark. 334

# SUPREME COURT OF ARKANSAS

No. CV-19-975

| | |
|---|---|
| LAWRENCE C. BANDY, M.D., AND ARKANSAS GYN ONCOLOGY, P.A. <br><br> APPELLANTS <br><br> V. <br><br> MILDRED VICK <br><br> APPELLEE | Opinion Delivered: October 15, 2020 <br><br> APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-18-2366] <br><br> HONORABLE TIMOTHY D. FOX, JUDGE <br><br> REVERSED AND REMANDED. |

**ROBIN F. WYNNE, Associate Justice**

In this medical-malpractice case, defendants Lawrence C. Bandy, M.D., and Arkansas Gyn Oncology, P.A., appeal from a judgment in favor of plaintiff Mildred Vick in the amount of $821,635.00. For reversal, appellants argue that (1) the circuit court erred by striking and removing appellants' constitutional right to a jury trial; (2) the testimony of Vick's experts did not meet the locality rule requirement; (3) the circuit court erred by allowing Vick to reopen her case after it had denied appellants' motion for directed verdict on the locality rule requirement; and (4) the circuit court erred by denying appellants' motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. We find merit in appellants' first point on appeal, and we therefore reverse and remand for further proceedings consistent with this opinion.

On April 16, 2018, Vick filed the operative complaint alleging medical negligence by Dr. Bandy related to the surgery he performed on June 21, 2013. Vick's complaint included a demand for a trial by jury. Appellants' answer and amended answer also contained a demand for a jury trial. The circuit court's scheduling order required that mediation be completed thirty days prior to the pretrial hearing date. The order stated, "Failure to comply with the pre-trial requirements may result in removal from the jury trial docket, dismissal of claims, striking of affirmative defenses, or the prohibition of the introduction of certain testimony and/or exhibits."

At the pretrial hearing on August 13, 2019, the circuit court addressed the defendants' motion to dispense with mediation or, in the alternative, for enlargement of time, which had been filed on August 8, 2019. The motion stated that Dr. Bandy refused to give his consent to settlement and that a mediation would therefore "be unproductive and a waste of time and resources." Defense counsel admitted to an error in failing to timely file the motion, but objected to the court striking their request for a jury trial. The circuit court denied the motion to dispense with mediation or, in the alternative, for enlargement of time, ultimately entering an order as follows:

> The Court finds the parties failed to mediate as required by the Scheduling Order. Defendants' Motion to Dispense with Mediation or, in the alternative for Enlargement of Time is Denied both on the merits and because same was not filed prior to the expiration of the mediation deadline. The Court does not find that failure to comply was deliberate or willful; however, this does not excuse failure to comply with the plain language of the Scheduling Order. The Court finds Plaintiff at least inquired of Defendants about mediation and, therefore, Plaintiff was given the option to keep the matter on the trial docket

2

for September 10, 2019, if Plaintiff agreed to try the case to the Court rather than to a jury. Plaintiff agreed and waived her right to a jury trial. The matter will proceed to trial on September 10, 2019 as a bench trial. The Court notes Defendants' objection to the bench trial.

The final judgment addressed the issue again as follows:

The court's pre-trial ruling sanctioning the defendants for failing to comply with the mediation requirement of the Pre-Trial Scheduling Order may already be addressed by the Order dated August 29, 2019. To ensure each issue is preserved for possible appellate review, the court is including the ruling in this Judgment as well. The court has been utilizing the exact same pretrial order for a number of years now and the terms and conditions of the Sixth Division Pre-Trial Scheduling Order are well-known in the central Arkansas legal community. The pretrial order mandates mediation prior to the pre-trial hearing. The courts have a legislatively imposed statutory duty to promote and encourage alternative dispute resolution. The possible sanctions for violating the pre-trial order are specifically enumerated in the order. The first listed possible sanction is removal of the matter from the jury trial docket. In the instant case the plaintiff attempted to comply with the court's mediation requirement. As the defendants had not executed a Consent to Settle with whomever the nonparty insurance company is, they declined to work with plaintiff to schedule and conduct the court-ordered mediation. As a result, mediation did not occur. At the pre-trial hearing these facts were ascertained and the court advised the parties that in accordance with its usual and customary practice in this type of situation, the matter would be removed from the jury trial docket and would be tried to the court. Defendants respectfully disagreed with the court's sanction, alleging the defendants had an absolute constitutional right to a jury trial. The court advised the parties that it believed it had the inherent power to utilize its discretion to manage its docket and to comply with its statutorily mandated action to encourage alternative dispute resolution. The Arkansas Supreme Court has recognized, in Rule 38 of the Arkansas Rules of Civil Procedure, that parties may by either affirmative action or failure to take action be deemed to have waived their right to a trial by jury. The court allowed the defendants to have a continuing objection throughout the entire proceeding so that the issue could be properly preserved in the event of an appeal.

For their first point on appeal, appellants contend that the circuit court erred by depriving them of their constitutional right to a trial by jury. They argue that the circuit court lacked the authority to do so when they had not waived their right to a jury trial in a manner prescribed by law, and further, that doing so under the circumstances of this case was also a denial of equal protection and due process guaranteed by the Arkansas Constitution and the United States Constitution. This court employs a de novo standard of review for claims to a right to a jury trial. *Tilley v. Malvern Nat'l Bank*, 2017 Ark. 343, at 6, 532 S.W.3d 570, 574 (citing *First Nat'l Bank of DeWitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005)).

In the present case, the circuit court struck appellants' request for a jury trial as a sanction for failing to comply with its scheduling order's mediation requirement.[1] Article 2, § 7 of the Arkansas Constitution provides in pertinent part:

> The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law[.]

---

[1] The courts of this state have the duty to encourage alternative dispute resolution and the authority to order parties to mediate. Arkansas Code Annotated § 16-7-202, "Duty and authority of the courts," provides in pertinent part:

> (a)(1) It is the duty of each trial and appellate court of this state and each court is hereby vested with the authority to encourage the settlement of cases and controversies pending before it by suggesting the referral of a case or controversy to an appropriate dispute resolution process agreeable to the parties.
> . . . .
> (b) In addition, each circuit and appellate court of this state is vested with the authority to order any civil, juvenile, probate, or domestic relations case or controversy pending before it to mediation.

4

In *Tilley v. Malvern Nat'l Bank*, 2017 Ark. 343, 532 S.W.3d 570, this court addressed the constitutional right to a trial by jury and held that predispute contractual jury waivers are unenforceable under the Arkansas Constitution. In interpreting article 2, § 7, we stated, "[T]his court has consistently interpreted the phrase 'in the manner prescribed by law,' to be governed by Arkansas statutes and the Arkansas Rules of Civil Procedure." *Tilley*, 2017 Ark. 343, at 13, 532 S.W.3d at 578. Here, we first address the jury-trial-waiver provisions in the Arkansas Rules of Civil Procedure. Arkansas Rule of Civil Procedure 38(a) sets out the manner of demanding a trial by jury, while Rule 38(c) states that a demand for trial by jury may not be withdrawn without the consent of the parties. Rule 39(a) sets out the ways a proper demand for a trial by jury may not result in a jury trial:

> **(a) By Jury.** When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court, upon motion or of its own initiative, finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of this State.

Of course, neither circumstance set out in Rule 39(a) applies here—the defense did not consent to a bench trial, and the medical malpractice claim is a legal claim to which the right of a jury trial attaches. Nor is there statutory authority for the striking of a jury-trial demand for failure to comply with a court order for mediation. Vick contends in her brief that the Dispute Resolution Act, and particularly Arkansas Code Annotated section 16-7-202(e), vested in the circuit court the authority necessary to strike the jury demand in this case. But

while section 16-7-202(e) gives courts the discretionary authority to "make at the request of a party appropriate orders to confirm and enforce the results produced by the dispute resolution process," such authority clearly has no application in this case. The statute says nothing about the court's authority to impose sanctions for failing to mediate as ordered. We likewise reject Vick's argument that appellants' actions in refusing to mediate and delay in seeking relief from compliance with the scheduling order constituted "consent" to the withdrawal of the jury trial demand.

Based on our analysis above, there is no law prescribing a waiver of the right to a jury trial as a sanction for failing to comply with a court's order to mediate. Accordingly, on this record, we hold that the circuit court lacked the authority to divest appellants of their fundamental constitutional right to a jury trial. While this court has made clear that trial courts have considerable discretion in the control and management of proceedings before them, *Lagios v. Goldman*, 2016 Ark. 59, at 14, 483 S.W.3d 810, 819, that discretion is not unlimited. Here, the circuit court erred in striking the defendants' jury-trial demand as a sanction for failing to mediate as required by the scheduling order; we are persuaded that the sanction imposed here—deprivation of the fundamental constitutional right to a trial by jury—was beyond the circuit court's authority. It is therefore unnecessary to reach appellants' arguments regarding due process and equal protection, the locality rule, the reopening of Vick's case, or the motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial. The judgment of the circuit court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WOOD and WOMACK, JJ., concur in part without opinion.

HART, WOOD, and WOMACK, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** Inexplicably, the majority has forsaken a key component of our appellate procedural due process by refusing to address the sufficiency of the evidence with regard to the locality rule. If successful, this issue would obviate the need to address the only issue that the majority deigned to address. The disposition of a challenge to the sufficiency of the evidence is, of course, reverse and *dismiss*.

As was made very clear to the court during oral arguments, if this court were to hold that there was insufficient proof of a statutory element of a medical-malpractice suit in Arkansas, as required by Arkansas Code Annotated section 16-114-206(a), it would end the case. Thus, if this court found merit in that issue, the denial of Dr. Bandy's right to a jury trial would therefore be moot. While, in my view, the jury-trial issue would be subject to a mootness exception and therefore should be addressed, that is beside the point.

Today's disposition represents the antithesis of judicial economy. Not only does it require a new jury trial, which may not be necessary, it invites a petition for rehearing in this court, which I fully anticipate.

I dissent.

WOOD and WOMACK, JJ., join.

*Cox, Cox & Estes, PLLC*, by: *James R. Estes*; and *Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Scott D. Provencher*, for appellants.

*Walas Law Firm, PLLC,* by: *Breean Walas*; and *Law Offices of Gary Green*, by: *Gary Green* and *L. Kayce Green*, for appellee.